UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**JUDGE HAIGHT**

| | | |
|---|---|---|
| ROGER DUANE ORTEGO AND | * | CIVIL ACTION |
| | | **07-CIV-9641** |
| BRYAN F. GILL, JR., AS TRUSTEE | * | |
| OF THE BANKRUPTCY ESTATE OF | * | JUDGE:_____ |
| ROGER DUANE ORTEGO | * | |
| | * | MAGISTRATE JUDGE:_____ |
| | * | |
| VERSUS | * | SEAMAN'S COMPLAINT |
| | * | |
| MORAN TOWING CORPORATION | * | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, **ROGER DUANE ORTEGO** and **BRYAN F. GILL, JR., AS TRUSTEE OF THE BANKRUPTCY ESTATE OF ROGER DUANE ORTEGO**, by and through their attorney, complains against defendant, **MORAN TOWING CORPORATION**, a Connecticut corporation, and alleges as follows:

### JURISDICTION

I.

This complaint is filed pursuant to 46 U.S.C. § 688 (The Jones Act) and the General Maritime Law.

### VENUE

II.

Venue is proper in the United States District Court for the Southern District of New York because the events giving rise to plaintiff's cause of action, in whole or in part, occurred at the Port of New York. Plaintiff hereby alleges that venue is proper in the United States District Court for

[RECEIVED OCT 30 2007 U.S.D.C. S.D.N.Y. CASHIERS]

the Southern District of New York pursuant to the Federal Rules of Civil Procedure.

## PARTIES

III.

**ROGER DUANE ORTEGO** is an American Seaman and a citizen of the United States of America, and as a Seaman, he files this suit without the necessity of prepayment of costs or a deposit of security.

IV.

**ROGER DUANE ORTEGO** filed for bankruptcy protection against his creditors in the United States District Court, Western District of Louisiana, Lake Charles Division, Case No.: 05-21441, and, as such, **BRIAN F. GILL, JR.,** Attorney-at-Law, 427 Kirby Street, Lake Charles, Louisiana, 70601, was appointed Trustee by the Court. In his capacity as Trustee of **THE BANKRUPTCY ESTATE OF ROGER DUANE ORTEGO, BRIAN F. GILL, JR.** has the authority and representative capacity to bring this complaint as plaintiff on behalf of the bankruptcy estate. **ROGER DUANE ORTEGO** is a plaintiff and is asserting his rights in this complaint to the extent that the value of this complaint exceeds the amount owed to the bankruptcy estate.

V.

**MORAN TOWING CORPORATION**, a Connecticut corporation with its principle place of business at 50 Locust Avenue, New Canaan, Connecticut, 06840-4737, is made defendant herein and is justly and truly indebted unto petitioner, **BRIAN F. GILL, JR., AS TRUSTEE OF THE BANKRUPTCY ESTATE OF ROGER DUANE ORTEGO,** for such damages as will fully and fairly compensate petitioner, together with legal interest thereon from date of judicial demand until paid, and for all costs of these proceedings, for the following reasons, to-wit:

## FIRST CAUSE OF ACTION

VI.

At all times pertinent hereto, **ROGER DUANE ORTEGO** was employed and assigned as a seaman aboard a special purpose vessel, *M/V The Texas*, which was owned and/or operated by defendant, **MORAN TOWING CORPORATION**, the employer of **ROGER DUANE ORTEGO**.

VII.

On or about November 10, 2004, while the special purpose vessel was in navigable waters at the Port of New York, **ROGER DUANE ORTEGO** was working as a tankerman and was ordered to moor an eight inch hose to the dock in preparation to transfer fuel oil into the barge, which job should have been done by two tankermen, and as he lifted the hose, he sustained severe injuries to his neck and back, requiring extensive medical care and treatment.

VIII.

**ROGER DUANE ORTEGO**'s injuries were caused by the negligence and/or fault of the defendant in the following, among other particulars:

    a.    Failure to provide a safe place for plaintiff to work, and to provide safe and proper equipment;

    b.    Creating and maintaining hazardous conditions aboard the vessel;

    c.    Failure to take proper steps to remove and correct the hazardous conditions aboard the vessel;

    d.    Exposing petitioner to hazardous conditions which should and could have

been avoided;

e. Failure to warn petitioner of the hazardous conditions aboard the vessel.

IX.

As a result of the negligence and/or fault of the defendant, **ROGER DUANE ORTEGO** sustained the following injuries:

a. Severe injuries to the entire body;

b. Severe injuries to the cervical and lumbar spines and associated processes;

c. Severe nervous shock;

d. Aggravation of any pre-existing condition.

X.

As a result of these injuries, **ROGER DUANE ORTEGO** had to seek extensive medical attention and has been unable to engage in his regular activities from the date of this accident until the present time, such condition to continue for an indefinite future period of time.

XI.

As a result of his injuries, **ROGER DUANE ORTEGO** sustained the following, among other, damages:

a. Past, present, and future mental and physical pain, suffering and mental anguish;

b. Past, present, and future loss of earnings and earnings capacity;

c. Past, present, and future medical and attendant expenses;

d. Disability;

e. Loss of enjoyment and quality of life.

XII.

These claims are asserted by the plaintiff and plaintiff as representative of a seaman under the Jones Act and General Maritime Laws, and plaintiffs requests a jury trial.

## SECOND CAUSE OF ACTION

XIII.

Plaintiffs, **ROGER DUANE ORTEGO** and **BRIAN F. GILL, JR., AS TRUSTEE OF THE BANKRUPTCY ESTATE OF ROGER DUANE ORTEGO**, repeat, reiterate, and reallege each and every allegation hereinabove stated in the first cause of action, as applicable, with the same force and effect as though the same was herein set forth at length.

XIV.

The injuries of **ROGER DUANE ORTEGO** and the pain and suffering attributable thereto were directly caused by the failure of the defendant to furnish a seaworthy vessel and appliances; failure to provide proper means by which plaintiff could perform the job he was assigned, failure to provide an adequate crew and supervisory personnel, failure to provide protective appliances to perform the work exposing plaintiff to great personal dangers, allowing the vessel to be placed in service in a defective condition. The vessel chartered, owned, or operated by the defendant was otherwise unseaworthy.

XV.

That by reason by the unseaworthiness of defendant's vessel, **ROGER DUANE ORTEGO** suffered severe injuries, pain, and mental anguish from which he is permanently disabled.

XVI.

That by reason of the unseaworthiness of defendant's vessel as aforesaid and the failure of

defendant to provide proper equipment, there is a breach of contract and warranty of seaworthiness. This cause of action is maintained under the General Maritime Law.

### THIRD CAUSE OF ACTION

XVII.

Plaintiffs, **ROGER DUANE ORTEGO** and **BRIAN F. GILL, JR., AS TRUSTEE OF THE BANKRUPTCY ESTATE OF ROGER DUANE ORTEGO**, repeat, reiterate, and reallege each and every allegation hereinabove stated, as applicable, with the same force and effect as though the same was herein set forth at length.

XVIII.

Upon **ROGER DUANE ORTEGO** becoming ill and injured, it was the duty of the defendant employer to furnish him with maintenance, care and cure during the entire period of his treatment and convalescence.

XIX.

**ROGER DUANE ORTEGO** is entitled to receive maintenance at the reasonable rate of FORTY AND NO/00 DOLLARS ($40.00) per day and for the cost of his cure and medical care.

WHEREFORE, PLAINTIFFS, **ROGER DUANE ORTEGO** and **BRIAN F. GILL, JR., AS TRUSTEE OF THE BANKRUPTCY ESTATE OF ROGER DUANE ORTEGO**, PRAY THAT:

I. Defendant, **MORAN TOWING CORPORATION**, be duly cited to appear and answer this complaint and that defendant be served with a copy thereof;

II. After due proceedings has and the lapse of all delays, there be judgment herein in favor of plaintiffs, **ROGER DUANE ORTEGO** and **BRIAN F. GILL, JR., AS**

**TRUSTEE OF THE BANKRUPTCY ESTATE OF ROGER DUANE ORTEGO,** and against the defendant, **MORAN TOWING CORPORATION,** for such damages as will fully and fairly compensate plaintiffs, together with judicial interest from the date of judicial demand until paid, and for all costs of these proceedings; and

III.    This matter be tried as a jury matter.

PLAINTIFFS FURTHER PRAY for all orders and decrees necessary in the premises, and for full, general and equitable relief.

Respectfully submitted:

SAKKAS & CAHN, LLP

By: _____

MATTHEW SAKKAS, ESQ.
Attorney for Plaintiffs
150 Broadway, Suite 1307
New York, N.Y. 10038
Tel:    (212)693-1313
Fax:    (212)693-1314